UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF<br>SUNGROVE CO., LTD., | Case No. 22-mc-80036-JSC<br>**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS; GRANTING 1782 PETITION**<br>Re: Dkt. No. 17 |

Pursuant to 28 U.S.C. § 636, and *CPC Patent Technologies PTY LTD. v. Apple, Inc*., 34 F.4th 801, 804 (9th Cir. 2022), the Court has reviewed de novo the Petition, all the records and files herein, and the Report and Recommendation of Magistrate Judge Kandis Westmore. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge. (Dkt. No. 17.) Accordingly, the Court GRANTS the 1782 application.

This Order does not foreclose a motion to quash or further modify the subpoena by Automattic, Inc., following service or by the Automattic account holder or account user whose identifying information is sought. The Court orders Sungrove and Automattic to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Sungrove, must also serve a copy of this order and the Magistrate Judge's order on Automattic.
2. Within 10 calendar days of service of the subpoena and the order, Automattic shall notify the account holder(s) or account user(s) within the scope of the subpoena that their identifying information is sought by Sungrove and shall serve a copy of this order on each such person.

3. Automattic and/or any person whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Automattic in writing of any objections he or she has to disclosure of the information and the bases for any such objections. Within 10 days of receipt of any such objections, Automattic shall so advise the Court.

5. If any person contests the subpoena or objects to any portion of it, Automattic shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest or objection.

6. Any information Sungrove obtains pursuant to the subpoena may be used only for purposes of the anticipated action for defamation, and Sungrove may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: August 29, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge